IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAM B. COBB, | ) |
|         **Plaintiff,** | ) |
| vs. | ) CIVIL NO. 11-557-GPM |
| G&G MOTORSPORTS, COLDWELL BANKER GUNDAKER, DANIEL FRYE, UNITED STATES AUTO CLUB INC., and NRT MISSOURI LLC, | ) |
|         **Defendants.** | ) |

## **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

      This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). *See Foster v. Hill,* 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction").

      Plaintiff filed this action in Federal Court for state law negligence claims arising from an alleged incident at Tri-City Speedway in Pontoon Beach, Illinois. Plaintiff appears to invoke this Court's jurisdiction under 28 U.S.C. § 1332, as he attempts to allege diverse citizenship as between himself and all Defendants and he prays for relief "in excess of $75,000." However, nowhere in his complaint does Plaintiff mention 28 U.S.C. § 1332, nor does he name any other statute that might

provide the basis for federal subject matter jurisdiction. Plaintiff must specify the statutory basis for this Court's jurisdiction. Assuming that Plaintiff will file an amendment to his complaint alleging jurisdiction under 28 U.S.C. § 1332, he must also amend his allegations of party citizenship. Plaintiff alleges that he is a "resident" of Illinois and that Defendant Daniel Frye is a "resident" of Missouri. Residence does not determine citizenship for the purposes of 28 U.S.C. § 1332. *See Guaranty National Title Co., Inc. v. J.E.G. Associates,* 101 F.3d 57, 59 (7th Cir. 1996) ("citizenship is what matters. When the parties allege residence but not citizenship, the court must dismiss the suit."); *America's Best Inns*, *Inc. v. Best Inns of Abilene, L.P.,* 980 F.2d 1072, 1074 (7th Cir. 1992) ("[i]n federal law citizenship means domicile, not residence"). Plaintiff must allege the citizenship, not residence, of the parties in his amendment to the complaint.

The other four named Defendants are identified as corporations. To properly allege a corporation's citizenship under 28 U.S.C. § 1332, "[t]he state of incorporation and the principal place of business must be alleged in the complaint." *McMillan v. Sheraton Chicago Hotel & Towers,* 567 F.3d 839, 845 n.10 (7th Cir. 2009); *see also* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"). Citizenship is insufficiently alleged as to all four corporate Defendants. For each Defendant corporation, Plaintiff alleges that the Defendant was "organized under the laws of" a particular state. Not all entities organized under the laws of a state are corporations, and "subject matter jurisdiction must be a matter of certainty and not of probabilities." *Murphy v. Schering Corporation*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995). Therefore, Plaintiff is directed to the language of 28 U.S.C. § 1332(c)(1). Plaintiff must allege the state where each corporate Defendant was "incorporated."

In addition to the state of incorporation, a corporation is a citizen of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Plaintiff fails to properly allege this necessary piece of citizenship with respect to Defendants G&G Motorsports and United States Auto Club, Inc. Plaintiff alleges that G&G Motorsports is a corporation "with its registered agent" in Missouri. However, Plaintiff must allege G&G Motorsports's *principal place of business* to successfully allege that Defendant's citizenship. As to Defendant United States Auto Club, Inc., Plaintiff alleges that Defendant's principal place of business is, "by information and belief," in Indiana. Allegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge. *America's Best Inns,* 980 F.2d at 1074. As such, the allegation of Defendant United States Auto Club, Inc.'s principal place of business is insufficient.

"[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992). Accordingly, pursuant to 28 U.S.C. § 1653, Plaintiff is **ORDERED** to file an <u>Amendment to the Complaint</u> **on or before August 1, 2011**, to properly allege: the statutory basis for this Court's jurisdiction; Plaintiff's citizenship; and Defendants' citizenship, without reliance on allegations of residence or "information and belief," and with proper consideration of 28 U.S.C. § 1332(c)(1). Plaintiff shall file an Amendment to the Complaint only and not an amended complaint. If Plaintiff fails to file an Amendment to the Complaint in the manner and time prescribed or if, after reviewing it, the Court finds that Plaintiff cannot establish federal subject matter jurisdiction, the Court will dismiss the action for lack of jurisdiction. *See Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996)

(remanding case because "[l]itigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear"); *see also Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) ("Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money.").

**IT IS SO ORDERED.**

DATED: June 24, 2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge